NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZYHERE L. FICHMAN,

          Plaintiff-Appellant,

  v.

JOSEPH MERCER, individually and in his official capacity as a Sparks Police Department Officer; CITY OF SPARKS, a municipal corporation,

          Defendants-Appellees.

No.   21-16452

D.C. No.
3:19-cv-00292-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted June 14, 2022
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

       Plaintiff-Appellant Zyhere Fichman timely appeals the district court's grant of Defendant-Appellee Joseph Mercer's motion for summary judgment. We have jurisdiction over Fichman's appeal under 28 U.S.C. § 1291. After reviewing the district court's decision de novo, we affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On the evening of June 2, 2017, police in Sparks, Nevada received a report of a residential armed robbery. Mercer was one of the officers who eventually responded. Based on his interview of the alleged victim, the information he received from officers who had arrived at the scene before him, and additional information learned from the immediately ensuing investigation, Mercer arrested Fichman later that night. The district attorney eventually dropped the charges against Fichman after the alleged victim stopped cooperating with law enforcement. Fichman then sued Mercer and the City for allegedly arresting him without probable cause in violation of Fichman's Fourth Amendment rights. The district court dismissed Fichman's claim against the City, and he does not challenge that ruling on appeal. The district court subsequently granted Mercer's motion for summary judgment, leading to the appeal now before us.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011); *see Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been . . . committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "[P]robable cause means 'fair probability,' not certainty or even a preponderance

of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 246 (1983)). We make this assessment based on "the information the officer had at the time of making the arrest." *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008).

Here, there was probable cause for Mercer to arrest Fichman. It is undisputed that the alleged victim knew Fichman and that on the night in question she said he had been involved in the robbery. It is also uncontroverted that the alleged victim's description of the robbers' getaway car fit the description of Fichman's car and that Mercer found Fichman in his car later that evening. Even viewing these facts and other evidence in the record in the light most favorable to Fichman, the district court did not err by granting summary judgment to Mercer. *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) ("Here, probable cause was established by the substantial correspondence between the officers' observations at the time of the arrest and the details that [the victim] had provided to the police concerning the crime, the individuals involved, their vehicle, and the location where the perpetrators operated.").

Fichman's theory—that Mercer planted Fichman's name in the alleged victim's mind and ignored exculpatory evidence based on a vendetta Mercer purportedly had against Fichman—finds no support in the evidence. Mercer and Fichman had only briefly interacted before the night in question, such that Fichman

did not even remember doing so, and there is no apparent motive for Mercer to frame Fichman. Fichman also admits that he has no proof that Mercer fabricated or tampered with evidence, or that Mercer withheld exculpatory evidence. Other disputed facts Fichman identified are immaterial. Some relate to events after the night of the robbery and thus have little relevance to Mercer's decision to arrest Fichman. And although Fichman contends that Mercer's investigation overlooked points that might have undermined the alleged victim's identification of him, probable cause does not require certainty, but only a fair probability. Even granting that questions and uncertainties remained, we conclude that the key undisputed facts known to Mercer on the night of the robbery were sufficient, as a matter of law, to lead a reasonably cautious person to conclude that Fichman was involved in that robbery. Because the undisputed facts show that Mercer had probable cause to arrest Fichman, Mercer's motion for summary judgment was properly granted.

Finally, the parties disagree about certain evidentiary rulings made by the district court in conjunction with the motion for summary judgment. Because our holding would not change even if we resolved all these disputes in Fichman's favor, we decline to address the merits of these evidentiary issues.

The district court is **AFFIRMED**.